Civil Action Number _____

## UNITED STATES DISTRIST COURT
## FOR THE DISTRICT OF COLORADO

Marilyn Disher,
      Plaintiff,

v.

BOKF, a National Association,
      Defendant.

## COMPLAINT

1. This complaint arises from the Defendant's unlawful practice of using an automatic dialing system to call the Plaintiff's cellular telephone number over 150 times with an automatic dialer without the Plaintiff's express or implied consent in violation of the Telephone Consumer Protection Act.

2. Plaintiff is an individual consumer who resides at 20150 Doewood Dr, Monument, CO 80132.

3. BOKF is a national association with a principal place of business located at One Williams Center, Tulsa, OK 74172.

4. Defendant also does business by the name of "Bank of Albuquerque".

5. This Court has federal question jurisdiction to hear this complaint pursuant to 28 U.S.C. 1331 as the Plaintiff's complaint arises under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. 227.

6. Venue is proper in Colorado because the alleged violations of the TCPA occurred in Colorado and the Plaintiff resides in Colorado.

7. Plaintiff took out a mortgage loan with in or around October 2004 with Charter Bank.

8. The Plaintiff is informed and on that basis alleges that Charter Bank was merged into The Bank of Albuquerque, which was later merged into the Defendant.

9.  Recently, the Plaintiff fell on difficult financial times and was unable to make her mortgage payments.

10. Almost immediately, the Defendant instituted a campaign of harassing phone calls to the Plaintiff's cellular phone.  These calls came quite literally morning, noon, and night.

11. Defendant knew that placing any call using an automatic telephone dialing systems to Plaintiff's cellular telephone would be a violation of federal law.

12. The Defendant called the Plaintiff's cellular telephone with an automatic dialing system on the following dates/times:

    a)  On June 23, 2011, the Defendant called the Plaintiff with an Auto Dialer 3 times.
    b)  On July 2, 2011, the Defendant called the Plaintiff with an Auto Dialer 3 times.
    c)  On July 8, 2011, the Defendant called the Plaintiff with an Auto Dialer 3 times.
    d)  On July 13, 2011, the Defendant called the Plaintiff with an Auto Dialer 3 times.
    e)  On July 14, 2011, the Defendant called the Plaintiff with an Auto Dialer 3 times.
    f)  On July 19, 2011, the Defendant called the Plaintiff with an Auto Dialer 1 time.
    g)  On July 20, 2011, the Defendant called the Plaintiff with an Auto Dialer 1 time.
    h)  On July 22, 2011, the Defendant called the Plaintiff with an Auto Dialer 3 times.
    i)  On July 26, 2011 the Defendant called the Plaintiff with an Auto Dialer 2 times.
    j)  On July 27, 2011, the Defendant called the Plaintiff with an Auto Dialer 2 times.
    k)  On August 2, 2011, the Defendant called the Plaintiff with an Auto Dialer 1 time.
    l)  On August 5, 2011, the Defendant called the plaintiff with an Auto Dialer 2times.
    m) On August 6, 2011, the Defendant called the Plaintiff with an Auto Dialer 3 times
    n)  On August 10, 2011, the Defendant called the plaintiff with an Auto Dialer 3 times.
    o)  On August 16, 2011, the Defendant called the plaintiff with an Auto Dialer 3 times.
    p)  On August 20, 2011, the Defendant called the Plaintiff with an Auto Dialer 2 times.
    q)  On August 23, 2011, the Defendant called the Plaintiff with an Auto Dialer 3 times.
    r)  On August 27, 2011, the Defendant called the Plaintiff with an Auto Dialer 2 times.
    s)  On August 30, 2011, the defendant called the Plaintiff with an Auto Dialer 3 times
    t)  On August 31, 2011, the Defendant called the Plaintiff with an Auto Dialer 3 times.
    u)  On September 1, 2011, Defendant called the Plaintiff with an Auto Dialer 3 times.
    v)  On September 2, 2011, Defendant called the Plaintiff with an Auto Dialer 3 times.
    w) On September 3, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.
    x)  On September 6, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.
    y)  On September 7, 2011, Defendant called the Plaintiff with an Auto Dialer 3 times.
    z)  On September 13, 2011, Defendant called the Plaintiff with an Auto Dialer 3 times.
    aa) On September 14, 2011, Defendant called the Plaintiff with an Auto Dialer 2 times.
    bb) On September 15, 2011, Defendant called the Plaintiff with an Auto Dialer 3 times

cc) On September 20, 2011, Defendant called the Plaintiff with an Auto Dialer 2 times

dd) On September 21, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time

ee) On September 22, 2011, Defendant called the Plaintiff with an Auto Dialer 2 times.

ff) On September 23, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

gg) On September 24, 2011, Defendant called the Plaintiff with an Auto Dialer 2 times.

hh) On September 27, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

ii) On September 28, 2011, Defendant called the Plaintiff with an Auto Dialer 2 times.

jj) On September 29, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

kk) On October 4, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

ll) On October 5, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

mm)     On October 6, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

nn) On October 11, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time

oo) On October 12, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

pp) On October 13, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

qq) On October 14, 2011, Defendant called the Plaintiff with an Auto Dialer 2 times.

rr) On October 15, 2011, Defendant called the Plaintiff with an Auto Dialer 2 times

ss) On October 18, 2011, Defendant called the Plaintiff with an Auto Dialer 3 times

tt) On October 19, 2011, Defendant called the Plaintiff with an Auto Dialer 3 times

uu) On October 25, 2011, Defendant called the Plaintiff with an Auto Dialer 2 times

vv) On October 26, 2011, Defendant called the Plaintiff with an Auto Dialer 3 times

ww)     On October 27, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

xx) On November 1, 2011, Defendant called the Plaintiff with an Auto Dialer 3 times.

yy) On December 1, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

zz) On December 2, 2011, Defendant called the Plaintiff with an Auto Dialer 2 times.

aaa)     On December 5, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

bbb)     On December 17, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

ccc)     On December 20, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

ddd)     On December 27, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

eee)     On December 28, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

fff) On December 29, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

ggg)     On December 30, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

hhh)     On December 31, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

iii) On January 3, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

jjj) On January 10, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

kkk)     On January 11, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

lll) On January 12, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

mmm)     On January 13, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

nnn)     On January 21, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

ooo)     On January 24, 2012, Defendant called the Plaintiff with an Auto Dialer 3 times.

ppp)     On January 28, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

qqq) On January 31, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

rrr) On February 1, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

sss) On February 2, 2011, Defendant called the Plaintiff with an Auto Dialer 1 time.

ttt) On February 3, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

uuu) On February 4, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

vvv) On February 7, 2012, Defendant called the Plaintiff with an Auto Dialer 2 times.

www) On February 8, 2012, Defendant called the Plaintiff with an Auto Dialer 3 times.

xxx) On February 9, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

yyy) On February 10, 2012, Defendant called the Plaintiff with an Auto Dialer 3 times.

zzz) On February 14, 2012, Defendant called the Plaintiff with an Auto Dialer 2 times.

aaaa) On February 15, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

bbbb) On February 16, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

cccc) On February 17, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

dddd) On February 18, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

eeee) On February 21, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

ffff) On February 22, 2012, Defendant called the Plaintiff with an Auto Dialer 3 times.

gggg) On February 28, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

hhhh) On February 29, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

iiii) On March 1, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

jjjj) On March 2, 2012, Defendant called the Plaintiff with an Auto Dialer 2 times.

kkkk) On March3, 2012, Defendant called the Plaintiff with an Auto Dialer 1 time.

13. As a direct result of defendants' deliberate campaign of harassment, plaintiff has incurred actual damages consisting of mental and emotional distress, nervousness, embarrassment, loss of sleep, anxiety, humiliation, pain and suffering, and other injuries

### COUNT I, TELEPHONE CONSUMER PROTECTION ACT (TCPA)

14. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

15. The Telephone Consumer Protection Act (TCPA) provides, in pertinent part: "It shall be unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— […] (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; […]" 47 U.S.C. § 227(b)(1).

16. A person may bring an action based on a violation of the TCPA to "recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). If a court finds that the defendant willfully and knowingly violated the TCPA, it may increase the amount of the award to a maximum of three times this amount, or $1,500.00 per violation. 47 U.S.C. § 227(b)(3).

17. A person may give consent to calls to his or her cellular phone, for example, by listing that number on a mortgage application. Even though nothing in the credit application states that the consumer is expressly consenting to contact at the cellular number, the Federal Communications Commission ("FCC") pursuant to its rule-making authority under the TCPA has determined that furnishing the number is "express consent" within the meaning of the statute. FCC Declaratory Ruling, 07-0232 (Dec. 28, 2007), para. 10.

18. At no point in time, did the Plaintiff list her cellular phone number on a credit application with the Defendant, nor did the Plaintiff ever consent to the Defendant calling her with an automatic dialing system.

19. Defendant employs a computerized dialing system to place calls to borrowers who defendant deems to be in default on payments due.

20. Defendant's system uses a database of stored telephone numbers to place calls at a rate to ensure that when a consumer answers the phone, a collection representative is available to take the call.

21. When paired with specialized software, Defendant's calling system has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

22. Defendant's calling system used to contact plaintiff and other borrowers had the capacity to dial numbers without human intervention and as such is an "Automatic Telephone Dialing System" as defined by the FCC. FCC Declaratory Ruling, 07-0232, para. 13.

23. Defendant used such a system to place each of the telephone calls to plaintiff's cellular

telephone number, on the dates and times as set forth above.  Each of these calls was

made without her consent.

24. By using an automatic telephone dialing system to call plaintiff's cellular telephone

number without her express consent, defendants violated the TCPA on at least 150

occasions.

25. Each of these violations was a willful and knowing violation of the law and make

defendants liable for treble damages for each such violation in the amount of $1,500.00

per call.

WHEREFORE, the Plaintiff prays for judgment for the following:

a.  Actual damages to be determined at trial;

b.  Statutory penalties of $225,000 arising from 150 separate violations of the TCPA in an

amount of $1,500.00 per violation pursuant to 47 U.S.C. § 227;

c.  Injunctive relief permanently restraining defendant and any successors in interest,

subsidiaries, affiliates, consultants, or contractors from any further contact with plaintiff;

d.  For such other relief as may be proper.

Dated:  March 9, 2012

s/ Matthew R. Osborne #40835
2055 S. Oneida St, Ste 370
Denver, CO 80224
(303) 759-7018
matthewosbornelaw@gmail.com